IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>$37,425.54 IN UNITED STATES CURRENCY,<br><br>            Defendant,<br><br>RODGER BURKS,<br><br>            Claimant. | Case No. 3:20-cv-00296-JMK<br><br>**ORDER<br>GRANTING MOTION<br>FOR SUMMARY JUDGMENT** |

      Before the Court is Plaintiff United States of America's ("United States'") Motion for Summary Judgment at Docket 34. In support of its motion, the United States also submitted declarations and exhibits at Dockets 35 and 36. Self-represented Claimant, Rodger Burks, responded in opposition at Docket 42.

      For the reasons below, the Motion for Summary Judgment at Docket 34 is **GRANTED**.

# I. BACKGROUND

This is a civil forfeiture case seeking to forfeit $37,425.54 in United States Currency (the "Defendant Currency") that is alleged to be the proceeds of drug trafficking.[1] Beginning in March 2020, law enforcement investigated whether Joshua Burks was trafficking illegal narcotics from his residence at 1910 Lillian Drive in Fairbanks, Alaska.[2] Following a months-long period of surveillance, during which law enforcement officers observed traffic patterns in and out of Mr. Burks' residence that they believed were consistent with drug trafficking and discovered narcotics in a traffic stop of a vehicle leaving the residence, officers executed a search warrant on the residence.[3] During the search, they discovered significant amounts of illegal narcotics, including methamphetamine and prescription drugs not prescribed to Mr. Burks.[4]

In addition to these illegal narcotics, officers discovered $30,698.58 in United States currency stashed in various locations throughout the residence.[5] Officers found $4,000 in cash in a 13-gallon trash bag inside a dresser drawer in the residence's master bedroom.[6] Inside the bag were also shards of a crystalline substance that field-tested positive for methamphetamine.[7] Additionally, officers recovered currency from a beer "kegerator" in the garage that also contained a small bag of methamphetamine, from inside tool chest drawers, from a glass jar on the floor of the master bedroom, and from

---

[1] Docket 1.
[2] Docket 1-1 at 3–5.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 5–6.
[6] *Id.* at 6.
[7] *Id.*

*United States v. $37,425.54 in United States Currency*  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 2
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 2 of 11

under the mattress, among other locations.[8] As they searched the residence, officers also observed a crystalline substance that later tested positive for methamphetamines on counters, desks, digital scales, and other work surfaces.[9] Notably, law enforcement found receipts documenting shipment of flat-rate envelopes and boxes from Fairbanks, Alaska, to Scottsdale, Arizona, and Hemet, California.[10] FBI Special Agent Derik Stone later averred that the currency discovered at the residence likely was the proceeds of drug trafficking or intended to be used to facilitate drug trafficking based on his experience and knowledge of common practices among drug traffickers and the results of the search on the residence.[11] For example, Special Agent Stone concluded that the presence of shipping receipts and the amount of currency were indicia that the currency was proceeds of, or was intended to be used in, drug trafficking.[12]

Finally, during their search, officers found a safety deposit box key on a dresser in the master bedroom and on Mr. Burks' personal key chain as well as a Mt. McKinley Bank statement document for an account owned by Mr. Burks.[13] Several days later, officers executed a search warrant on a safety deposit box rented to Mr. Burks by Mt. McKinley Bank on University Avenue in Fairbanks.[14] There, they discovered and seized $6,725.00 in currency.[15]

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Docket 1-1.
[12] *Id.* at 1–3, 7.
[13] *Id.* at 6.
[14] *Id.*
[15] *Id.*

United States v. $37,425.54 in United States Currency  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 3
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 3 of 11

On September 21, 2021, Rodger Burks ("the Claimant") filed a Verified Claim of Interest in $20,000 of the seized currency.[16] He averred that he withdrew $20,000 in cash from a safe deposit box and gave the money to his son, Joshua Burks, during the winter prior to its seizure.[17] The Claimant also stated that he "regularly used his son as a scout for real estate and equipment purchases and [has] paid him in advance for those purchases."[18] He claims that Mr. Burks was in the process of returning these funds to the Claimant when the United States executed its search warrant and seized them.[19]

## II. LEGAL STANDARD

### A. Civil Forfeiture

"Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct."[20] The Government may pursue a civil *in rem* forfeiture action against property used or intended for use in violations of federal criminal law.[21] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, along with the Federal Rules of Civil Procedure, govern civil forfeiture actions.[22]

---

[16] Docket 8.
[17] *Id.* at 1–2.
[18] *Id.* at 2.
[19] *Id.*
[20] *United States v. Ursery*, 518 U.S. 267, 284 (1996).
[21] *See* 18 U.S.C. § 981, *et seq.*; *see also* 21 U.S.C. § 881.
[22] *United States v. JP Morgan Chase Bank Acct. No. Ending 8215 in the Name of Ladislao V. Samaniego, VL: $446,377.36*, 835 F.3d 1159, 1162–63 (9th Cir. 2016).

United States v. $37,425.54 in United States Currency  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 4
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 4 of 11

B.  **Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A material fact is one that "might affect the outcome of the suit under the governing law."[24] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[25]

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.[26] To establish that a fact cannot be genuinely disputed, the movant either can cite the record or show "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[27]

Once the movant has made such a showing, the non-movant "bears the burden of production under [FRCP] 56 to 'designate specific facts showing that there is a genuine issue for trial.'"[28] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[29] A party cannot "defeat

---

[23] Fed. R. Civ. P. 56(a).
[24] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).
[25] *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010).
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[27] Fed. R. Civ. P. 56(c)(1).
[28] *Ricci v. DeStefano,* 557 U.S. 557, 586 (2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).
[29] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted); *see also Liberty Lobby*, 477 U.S. at 252 (specifying that the non-movant must show more than "[t]he mere existence of a scintilla of evidence"); *accord In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

*United States v. $37,425.54 in United States Currency*  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 5
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 5 of 11

summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."[30] Ultimately, in ruling on a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.[31]

**C.  Standing**

Article III standing "is the threshold question in every federal case" and determines whether the court has the power to hear a lawsuit.[32] "[A] plaintiff (including a civil forfeiture claimant) must establish the three elements of standing, namely, that the [claimant] suffered an injury in fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision."[33]

The Government may move for summary judgment on the basis that the claimant does not have standing.[34] "A claimant contesting the government's civil forfeiture action must show 'sufficient interest in the property to create a case or controversy.'"[35] Claimants can satisfy standing by showing a sufficient or "colorable interest in the property" by demonstrating ownership rights.[36] "[A] claimant's bare

---

[30] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).
[31] *Scott v. Harris,* 550 U.S. 372, 378 (2007).
[32] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
[33] *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[34] *Id.* at 638 (citing *Lujan*, 504 U.S. at 561 and Fed. R. Civ. P. 56(e)).
[35] *VL: $446,377.36*, 835 F.3d at 1164 (quoting *United States v. Real Prop. Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008)).
[36] *$133,420.00 in U.S. Currency*, 672 F.3d at 637 (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)).

*United States v. $37,425.54 in United States Currency*　　　　　　　　　　　　Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement　　　　　　　　　　　　　　　　　　　Page 6
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 6 of 11

assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment."[37] While a claimant may rely on an affidavit or testimony claiming ownership, it must be supported by additional evidence, like title, receipts, or other relevant documents.[38] A court must determine that "a fair-minded jury" could find standing based on the evidence presented.[39]

### III. DISCUSSION

The United States moves for summary judgment.[40] As explained below, this Court concludes that summary judgment striking Claimant Rodger Burks' claim to the Defendant Currency is warranted. The Claimant lacks standing to contest forfeiture.

The United States argues that the Claimant may not challenge the forfeiture of the Defendant Currency because he has not sufficiently demonstrated that he owned a portion of it.[41] The United States argues that no evidence, other than the Claimant's own testimony and hearsay statements, supports that he owned the specific funds at issue or that he gave the funds to his son prior to the government's search and seizure of the funds.[42] And, it contends that, even if the Claimant could prove that he gave the funds to his son, it would be presumed a gift under the law and divest him of any cognizable ownership

---

[37] *$133,420.00 in U.S. Currency*, 672 F.3d at 638.
[38] *Id.* at 639 (internal quotations and citation omitted) (concluding "[a] claimant asserting an ownership interest in the defendant property, therefore, must also present some evidence of ownership beyond the mere assertion in order to survive a motion for summary judgment").
[39] *Id.* at 638; *see also VL: $446,377.36*, 835 F.3d at 1164.
[40] The United States' motion does not specify the scope of the relief it seeks. The Court construes it as a motion for partial summary judgment to deny the Claimant's claim.
[41] Docket 34 at 19–24.
[42] *Id.* at 22.

*United States v. $37,425.54 in United States Currency*      Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement      Page 7

Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 7 of 11

interest.⁴³ In a verified opposition, the Claimant reiterates that, during the winter of 2019–2020, he sent Joshua Burks to Fairbanks with $20,000 in cash for the purpose of scouting for construction equipment and realty.⁴⁴ He further asserts that he has standing, as he can demonstrate these facts through his sworn testimony.⁴⁵

A civil forfeiture claimant must establish the three elements of standing—that they suffered an injury-in-fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision—as a threshold matter.⁴⁶ "Claimants in civil forfeiture actions can satisfy this test by showing that they have a colorable interest in the property, which includes an ownership interest or a possessory interest."⁴⁷ "The elements of standing 'must be supported in the same way as any other matter on which the claimant bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'"⁴⁸ At the summary judgment stage, a claimant may not rest on their "bare assertion of an ownership or possessory interest, in the absence of some other evidence."⁴⁹ For example, "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."⁵⁰ Instead, "[a] claimant asserting an ownership interest in the defendant property . . . must also present 'some evidence of

---

⁴³ *Id.* at 23.
⁴⁴ Docket 42 at 2.
⁴⁵ *Id.* at 3.
⁴⁶ *$133,420.00 in U.S. Currency*, 672 F.3d at 637.
⁴⁷ *Id.* at 637–38 (internal citation and quotation omitted).
⁴⁸ *Id.* at 638 (quoting *Lujan*, 504 U.S. at 561).
⁴⁹ *$133,420.00 in U.S. Currency*, 672 F.3d at 638.
⁵⁰ *Id.* (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

United States v. $37,425.54 in United States Currency　　　　　　　　　　　　Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement　　　　　　　　　　　　　　　　　　Page 8
Case 3:20-cv-00296-JMK　　Document 48　　Filed 03/28/24　　Page 8 of 11

ownership' beyond the mere assertion in order to survive a motion for summary judgment."[51] Where, as here, the property at issue is currency, a claimant must present evidence of ownership of the specific defendant currency.[52] Ultimately, court must determine that "a fair-minded jury" could find standing based on the evidence presented.[53]

In this case, the Claimant presents insufficient evidence that he has an ownership or possessory interest in the Defendant Currency. First, he has not produced sufficient evidence that he gave Mr. Burks any funds. His verified claim and opposition, which function as affidavits, do not suffice to demonstrate that he gave $20,000 to his son.[54] Standing alone, the Claimant's sworn statement that he gave Mr. Burks $20,000 so that he could scout for construction equipment and realty is precisely the type of "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence" that the Ninth Circuit has instructed is insufficient to create a genuine issue of material fact.[55] The same is true with respect to the Claimant's statement that Mr. Burks told him in May 2020 that he would leave the $20,000 counted and placed on his bed.[56] And, crucially, no other evidence supports the Claimant's contentions. The Claimant's Exhibit 1 attached to his opposition does not aid him, as it merely shows that the Claimant entered his safe

---

[51] *Id.* at 639 (quoting *United States v. $81,000,* 189 F.3d 28, 35 (1st Cir. 1999)).
[52] *United States v. $46,559.00 in U.S. Currency,* 758 F. Supp. 613, 615 (D. Or. 1990).
[53] *$133,420.00 in U.S. Currency,* 672 F.3d at 638; *see also VL: $446,377.36,* 835 F.3d at 1164.
[54] *See Johnson v. Meltzer,* 134 F.3d 1393, 1400 (9th Cir. 1998) (verified complaints and verified oppositions constitute affidavits for the purposes of summary judgment to the extent that they are based on personal knowledge).
[55] Docket 42 at 2; *$133,420.00 in U.S. Currency,* 672 F.3d at 638 (quoting *Publ'g Clearing House,* 104 F.3d at 1171).
[56] Docket 42 at 2.

*United States v. $37,425.54 in United States Currency*  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 9
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 9 of 11

deposit box in 2019 and 2020.[57] This alone does not support the contention that the Claimant withdrew $20,000 and gave it to Mr. Burks.

Furthermore, even assuming the Claimant had produced evidence that he gave $20,000 to Mr. Burks, there is no evidence that the Defendant Currency here is the specific currency the Claimant states that he gave to Mr. Burks in the winter of 2019–2020. The Claimant avers that Mr. Burks was in the process of returning the $20,000 to the Claimant's safe when the United States executed its search warrant.[58] But other than the Claimant's "conclusory, self-serving affidavit," there is no evidence to suggest that the currency seized from Mr. Burks included the $20,000 at issue. In total, excluding his own sworn statements, the Claimant only produces evidence that he entered a bank safe deposit box in 2019 and 2020.

Courts "demand more than conclusory or hearsay allegations of some 'interest' in the forfeited property" because "the danger of false claims in [civil forfeiture] proceedings is substantial."[59] The Claimant in this matter has not provided evidence other than his own affidavit that he has an ownership interest in the Defendant Currency. Therefore, no fair-minded jury could conclude that he has standing to contest this forfeiture. Accordingly, this Court must deny his claim at Docket 8.

---

[57] *See* Docket 42 at 7.
[58] Docket 8 at 2.
[59] *United States v. $100,348 in U.S. Currency*, 354 F.3d 1110, 1118–19 (9th Cir. 2004) (quoting *Baker v. United States*, 722 F .2d 517, 519 (9th Cir. 1983)).

*United States v. $37,425.54 in United States Currency*  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 10

Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 10 of 11

## IV. CONCLUSION

For the foregoing reasons, the United States' *Motion for Summary Judgment* at Docket 34 is **GRANTED**. The Court **DENIES** the Verified Claim at Docket 8.

IT IS SO ORDERED this 28th day of March, 2024, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. $37,425.54 in United States Currency*  Case No. 3:20-cv-00296-JMK
Order Granting Motion for Summary Judgement  Page 11
Case 3:20-cv-00296-JMK   Document 48   Filed 03/28/24   Page 11 of 11